Susan **SPENCELEY** and Seven Other Patients, Plaintiffs,

v.

**M.D. ANDERSON CANCER CENTER,** et al., Defendants.

Civil Action No. H–96–1403.

United States District Court,
S.D. Texas,
Houston Division.

June 18, 1996.

Richard A. Jaffe, Houston, TX, for Plaintiffs.

Robert Dan Fontaine, Office of the Attorney General of Texas, Austin, TX, for Defendant M.D. Anderson.

ORDER

LYNN N. HUGHES, District Judge.

1. On the court's own motion, this case is narrowed to a single issue.

2. The former patient-participants of the old research project treating lymphoma at the M.D. Anderson do not have a relation to it that allows them to sue over its discontinuation. No past or potential patient-participant in a research project has standing to sue to compel a new project.

3. The essence of research is that no current practice exists from which a standard of reasonable prudence could be derived. Research is not treatment. Experiments require measurements and conditions that may not be therapeutically significant. The disappointment of patient-participants is not the result of a wrong inflicted on them; they are frustrated in not receiving a potential cure, but they were permitted to have the drug for the purpose of research—the Anderson's purpose not theirs. They were the incidental, gratuitous beneficiaries of the research.

4. Research is not *standard;* it is speculation, approximation, and inquiry. Hospitals like the Anderson may use experimental drugs in an exercise of compassion. Like research, compassion cannot be quantified. It is discretion with a degree of impulse far exceeding the limits implied by *judgment.* When research and compassion are the qualities of a medical decision, the processes of legal review are wholly inadequate.

5. In the operation of a complex governmental institution, the role of the patient-participants might be lost so that they do not receive the attention in the decision about compassion that they may have earned by their participation. Internal scientific, administrative, or fiscal concern about the project management, the project or the drug itself should not cloud the humanitarian decision about compassion for those who committed to help in the research with their lives. So it is with external concern with regulatory responses.

The court recognizes that no standard can be applied to compassion in this context; the only possibility is that the patient-participants might be able to establish that the question of compassion was not addressed independently from the other complications within the institution, implicating potentially the constitutional requirement of procedural regularity commensurate with the likely harm to the affected people.

6. All claims except denial of due process will be dismissed. All parties plaintiff except the former patient-participants will be dismissed.